# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| RAYMOND JAMES & ASSOCIATES, INC., and MORGAN KEEGAN & COMPANY, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>RALPH H. BARLOW, JACKIE R. BOTELER, LINDA P. BYRD, SHEILA L. CHAIN, THOMAS E. DEES, EDGAR C. FELLOWS, PATSY Y. HARVESTON, DEBRA A. HODGE, LYMAN E. JOHNSON, JR., ROBERT H. LANDRY, JR., LOIS B. LANDRY, MEL L. MCCOY, MICHAEL L. MCDAVID, LAURA A. MCDAVID, ELAINE D. MOSS, HAL C. MOSS, JR., PATRICIA C. ROBERTS, SHERRON G. SANDIFER, CONNIE L. SAXTON, and BRYAN L. WINDHAM,<br><br>    Defendants. | Civil Action No. 3:19cv394-CWR-LRA |

## COMPLAINT BY MOTION TO VACATE ARBITRATION AWARD

Plaintiffs Raymond James & Associates, Inc. and Morgan Keegan & Company, LLC ("Plaintiffs"), pursuant to 9 U.S.C. § 10, hereby applies to this Court by motion to vacate the May 3, 2019 Arbitration Award (the "Award") issued in the arbitration styled *Barlow, et al. v. Morgan Keegan & Company, LLC, et al.*, FINRA Office of Dispute Resolution Case Number 17-01630 (the "Arbitration").

EAST\166850637.1

## INTRODUCTION

1.      The Award should be vacated. After committing to apply the law, acknowledging that the Mississippi statute of limitations governed this dispute, soliciting and receiving case law that was on point, the arbitrators exceeded their powers by refusing to apply the applicable statute of limitations.

2.      The events allegedly giving rise to the claims at issue took place over a decade ago in 2006 and 2007 when Defendants invested in two stocks with an objective that they would grow in value. Plaintiffs provided monthly and year-end statements to Defendants, which showed that Defendants' investments were repeatedly and significantly declining in value. These declines were clearly inconsistent with Defendants' growth objectives and should have incited Defendants to inquire further as to the causes of their alleged injuries. Instead of acting reasonably and timely filing suit within the statute of limitations, however, Defendants unreasonably waited until June 20, 2017 to file the underlying arbitration with FINRA.

3.      FINRA guidance requires arbitrators to apply the law and to dismiss time-barred claims, and the three-person arbitration panel acknowledged their duty to follow the law. The panel received information from counsel regarding the applicable law and acknowledged the appropriate standard for applying the Mississippi statute of limitations. They heard weeks of testimony from Defendants conceding that they were aware of stock drops in 2007 and 2008 that were inconsistent with their investment objectives and their stockbroker's representations. Nevertheless, the arbitrators disregarded the law and refused to dismiss Defendants' claims as time-barred.

4.      Most egregiously, the panel reviewed and rejected a Mississippi Circuit Court case on virtually identical facts, in which the court granted summary judgment to Plaintiffs on

statute of limitations grounds. Not only did the arbitrators disregard the court's articulation of Mississippi law, they expressly stated their intention to ascribe little or no worth to the opinion of a circuit court judge, which evidenced their overall intention to disregard the law as they saw fit.

5. By manifestly disregarding the plain law of the statute of limitations, the arbitrators exceeded their powers and the Award should be vacated.

## PARTIES

6. Raymond James is an investment bank and financial services company providing financial services to individuals, corporations, and municipalities through a variety of subsidiary companies. It is a broker-dealer registered with the U.S. Securities and Exchange Commission ("SEC") and is a member of FINRA. Raymond James is incorporated in Florida, with a principal place of business located at 880 Carillon Parkway, St. Petersburg, Florida 33716.

7. Morgan Keegan was a financial services company purchased by Raymond James in April 2012. As part of Raymond James, it has a principal place of business located at 880 Carillon Parkway, St. Petersburg, Florida 33716.

8. Upon information and belief, Ralph H. Barlow is an individual residing at 1156 Boone Road, McComb, Mississippi 39648.

9. Upon information and belief, Jackie R. Boteler is an individual residing at 379 Boteler Road, Florence, Mississippi 39073.

10. Upon information and belief, Linda P. Byrd is an individual residing at 100 Le Bourgeois Drive, Brandon, Mississippi 39047.

11. Upon information and belief, Sheila Chain is an individual residing at 110 Norwood Circle, Brandon, Mississippi 39042.

12. Upon information and belief, Thomas Dees is an individual with a mailing address of P.O. Box 162, Longville, Louisiana 70652.

13. Upon information and belief, Edgar C. Fellows is an individual residing at 298 Kinwood Trail, Murphy, North Carolina 28906.

14. Upon information and belief, Patsy Y. Harveston is an individual residing at 2560 Bahalia Road, NE, Wesson, Mississippi 39191.

15. Upon information and belief, Debra A. Hodge is an individual residing at 1418 Marwood Road, Byram, Mississippi 39272.

16. Upon information and belief, Lyman (Jackie) E. Johnson, Jr. is an individual residing at 105 Christopher Circle, Brandon, Mississippi 39047.

17. Upon information and belief, Robert H. Landry is an individual residing at 405 Arundel Drive, Brandon, Mississippi 39047.

18. Upon information and belief, Lois B. Landry is an individual residing at 405 Arundel Drive, Brandon, Mississippi 39047.

19. Upon information and belief, Mel C. McCoy is an individual residing at 115 Lake Hill Place, Brandon, Mississippi 39047.

20. Upon information and belief, Laura A. McDavid is an individual residing at 1433 Jackson Liberty Drive, Brookhaven, Mississippi 39601.

21. Upon information and belief, Michael McDavid is an individual residing at 1433 Jackson Liberty Drive, Brookhaven, Mississippi 39601.

22. Upon information and belief, Elaine Moss is an individual residing at 205 Crescent H. Drive, Terry, Mississippi 39170.

23. Upon information and belief, Hal C. Moss is an individual residing at 205 Crescent H. Drive, Terry, Mississippi 39170.

24. Upon information and belief, Patricia C. Roberts is an individual residing at 1248 Sims Lane, Terry, Mississippi 39170.

25. Upon information and belief, Sherron G. Sandifer is an individual residing at 4116 Bright Street, Pearl, Mississippi 39208.

26. Upon information and belief, Connie Saxton is an individual residing at 1189 Dulaney Drive, Terry, Mississippi 39170.

27. Upon information and belief, Bryan L. Windham is an individual residing at 1424 Savannah Park Drive, Spring Hill, Tennessee 37174.

## JURISDICTION AND VENUE

28. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different States. The amount in controversy exceeds $75,000, exclusive of interest and costs.

29. Venue is appropriate in this Court and this Division under 28 U.S.C. § 1391(b)(2) because the Arbitration occurred in Jackson, Mississippi.

30. Venue in this Court and Division are also appropriate under 9 U.S.C. § 10(a), which provides that a motion to vacate an arbitration award may be made in "the United States court in and for the district wherein the award was made."

## FACTUAL BACKGROUND

### A.  Defendants' Time-Barred Allegations

31. Each Defendant was a customer of Steven Kane Savell at Morgan Keegan, and many continued to be customers of Savell's at Raymond James after Morgan Keegan was acquired by Raymond James.

32. Each Defendant stated that his primary or secondary investment objectives was "growth," defined as "seek[ing] capital appreciation primarily with equity oriented investments that have potential for significant growth."

33. In 2006, some Defendants purchased stock in CanWest Petroleum Company ("CanWest"), and most of those Defendants sold their CanWest stock at a loss by June 5, 2007.[1]

34. Between October 2006 and October 2007, all Defendants purchased stock in Ridgeway Petroleum, Inc. ("Ridgeway"). Defendants' account statements showed immediate and significant losses in value to Defendants' Ridgeway stock. By the end of 2008, every Defendant's Ridgeway stock was virtually worthless.

35. Each Defendant received confirmations of every trade they made, and each trade was reflected in Defendants' monthly and year-end account statements. Each Defendant testified that their CanWest and Ridgeway trades were solicited by Savell, but the written confirmations they received within a few days of the purchases described the trades as "unsolicited."

36. In April 2012, Raymond James acquired Morgan Keegan. Savell moved to Raymond James and those Defendants who had not already removed their accounts moved with him. Those Defendants shortly thereafter began receiving Raymond James account statements,

---

[1] Bryan Windham, Ralph Barlow, and Connie Saxton sold their CanWest stock in February 2007 for more than the purchase amount. None of these three Defendants asserted claims regarding their CanWest stock.

which reflected their Ridgeway holdings as being nearly worthless, as they had been since December 2008.

37. Savell resigned from Raymond James in May 2013, and Defendants had long since stopped communicating with him or relying upon him.

38. Despite the fact that every Defendant was on notice no later than 2007 or 2008 that his investments were unsuitable for a growth investor, Defendants waited until June 20, 2017 to file their FINRA Arbitration against Raymond James and Morgan Keegan.

**B.    The FINRA Arbitration**

39. The parties agreed to arbitrate any dispute pursuant to the applicable rules and procedures of FINRA as stated in the FINRA Code of Arbitration Procedures for Customer Disputes would govern the proceeding.

40. The parties selected the arbitration panel pursuant to the FINRA arbitration selection process.

41. The arbitration panel consisted of Theodore Haynes, a retired Social Security Administration Administrative Law Judge, Mark Myers, a Louisiana attorney and mediator, and Jim Warren, a Mississippi attorney and mediator, each of whom disclosed that he had completed required FINRA training and were aware of and agreed to follow FINRA rules and guidelines.

42. FINRA's Arbitration Guide explicitly states that, "if the parties have provided the panel with the law, the law is clear, and it applies to the facts of the case, **the arbitrators should not disregard it**."

43. Moreover, FINRA's Basic Arbitrator Training materials expressly directs its arbitrators that, "[i]f you find that a statute of limitations applies and, therefore, bars a claim, **you should dismiss the claim with prejudice**."

44. Accordingly, FINRA expects arbitrators to apply statutes of limitations and to dismiss claims that are time-barred.

45. The arbitrators received evidence during non-consecutive hearings held over multiple weeks between August 2018 and March 2019 as the participants were available.

46. During the arbitration, the panel repeatedly stated its intention to follow the law.

47. Plaintiffs argued in their Answer that the claims were barred by the statute of limitations, and reiterated and expanded upon that argument in their Pre-Hearing Brief. Plaintiffs also presented a directed verdict motion on this basis at the end of Defendants' case in chief on December 19, 2018.

48. Throughout the arbitration, the arbitrators requested and received information from counsel regarding the applicable Mississippi statute of limitations, and expressed their understanding of the law.

49. During the arbitration proceeding, Plaintiffs presented to the arbitrators an order granting Raymond James summary judgment on nearly identical facts, that had been recently issued by Hinds County Circuit Court Judge Jeff Weill. *Baker et al. v. Raymond James & Associates, Inc., et al.*, No. 17-cv-00643-JAW (Miss. Cir. Ct. Dec. 6, 2018). In *Baker*, Judge Weill rejected the claims of other customers of Savell alleging claims related to Savell's recommendations of the same two stocks at issue here, CanWest and Ridgeway, and during the same time frame, 2006 and 2007.

50. Judge Weill rejected the *Baker* plaintiffs' arguments that the statute of limitations was tolled, holding that the monthly account statements provided to the *Baker* plaintiffs by Morgan Keegan and Raymond James, identical to the statements provided to Defendants here,

were sufficient to incite the *Baker* plaintiffs to exercise reasonable diligence to investigate their alleged injuries.

51. The arbitrators wholly disregarded the law as articulated by *Baker*. In addition, arbitrator Warren stated that "[y]ou don't have to worry about teaching me what a circuit court judge's opinion is worth, particularly one who's about to go off the bench." Warren later stated that the panel was not bound by Judge Weill's opinion, stating that "Jeff Weill's a fine fellow … but *he's a circuit judge in Hinds County*."

52. On May 3, 2019, the Arbitration issued the Award, finding in favor of Defendants and awarding damages of approximately $1.8 million, including $200,000 in punitive damages and $422,000 in attorneys' fees.

### COUNT I – VACATUR OF AWARD

53. Plaintiffs incorporate by reference the preceding paragraphs of this Petition as if fully set forth herein.

54. The FAA provides that an arbitration award may be vacated if, among other things, "the arbitrators exceeded their powers," or "where there was evident partiality … in the arbitrators." 9 U.S.C. § 10(a).

55. Here, the Panel exceeded their powers by disregarding the applicable statutes of limitations and failing to dismiss the Arbitration, in contravention of their authority, the training they received from FINRA, and their own stated intention to follow the law.

56. Because of the Panel's disregard of applicable law in excess of their powers, this Court should vacate the Award and instead instruct the FINRA Office of Dispute Resolution to dismiss Defendants' claims in their entirety.

**FURTHER SUBMISSION**

Plaintiffs are submitting herewith an accompanying Motion to Vacate and Memorandum of Law in Support of that Motion, setting forth points and authorities supporting this Complaint.

WHEREFORE, Defendants Raymond James and Morgan Keegan respectfully request that this Court:

(a) Issue an order vacating the May 3, 2019 Award and ordering the FINRA Office of Dispute Resolution to dismiss Defendants' claims with prejudice;

(b) Award Plaintiffs their costs in this action; and

(c) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey R. Blackwood
Jeffrey R. Blackwood (MBN 10613)
Stevie F. Rushing (MBN 105534)
BRADLEY ARANT BOULT CUMMINGS LLP
Suite 400, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS  39215-1789
Telephone:  (601) 948-8000
jblackwood@bradley.com
srushing@bradley.com

Terry R. Weiss (*pro hac vice* motion forthcoming)
Stefanie Wayco (*pro hac vice* motion forthcoming)
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
Telephone: (404) 736-7800
terry.weiss@us.dlapiper.com
stefanie.wayco@us.dlapiper.com

*Attorneys for Plaintiffs Raymond James & Associates, Inc. and Morgan Keegan & Company, LLC*